IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT C. BOLUS, SR.,** | : | Civ. No. 3:23-CV-1378 |
| **Plaintiff,** | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **BRIAN BOLUS, et al.,** | : | |
| **Defendants.** | : | |

# MEMORANDUM OPINION

## I.   Factual and Procedural Background

This case calls to mind Tolstoy's observation that: "All happy families are alike; each unhappy family is unhappy in its own way."[1]  The plaintiff, Robert C. Bolus, Sr., is a prodigious but prodigiously unsuccessful litigant, who has in the past had a number of cases dismissed either voluntarily or by court order for lack of merit or failure to prosecute.[2]

---

[1] Anna Karenina, L. Tolstoy at 1 (1877).

[2] See e.g. Bolus v. D.A. of Lackawanna, et al, 3:01-cv-01990; Bolus Truck Parts and Towing Services, Inc. et al v. Motorists Mutual Insurance Co. et al 3:11-cv-00621; Bolus v. DeNaples, 3:13-cv-01773; Bolus v. Wolf, 3:18-cv-02027; Bolus v. Dillard et al, 3:20-cv-00318; Bolus v. Gaughan et al., 3:21-cv-01315.

1

In the instant case, Bolus appears to be suing his son, daughter-in-law, and grandchild, alleging that they have breached some sort of contract relating to a piece of real estate and tortiously interfered with another contract that the plaintiff had with a third party to sell some real estate. (Doc. 14). While the nature of these claims remains stubbornly obscure despite the plaintiff filing an amended complaint in an effort to clarify his claims, it appears that the gist of Robert Bolus, Sr.'s tortious interference with contract claim rests on the notion that his son, Brian, falsely claimed to have a one half interest in this property. (Doc. 14, ¶¶ 10-24). However, as Robert C. Bolus, Sr., concedes in his amended complaint, this issue has been litigated in state court and the state courts concluded that Brian Bolus was, in fact, the owner of a half interest in this property. Therefore, at bottom, Robert C. Bolus, Sr.'s, latest foray into federal court would necessarily invite us to set aside these state court findings in order to sustain at least some of his claims.

On October 18, 2024, the defendants filed a motion for summary judgment in this case and an accompanying brief. (Docs. 30-32). Robert C. Bolus, Sr. never responded to this motion. Therefore, on November 20, 2024, we entered an order which instructed the plaintiff in clear and precise terms as follows:

> IT IS ORDERED that the plaintiff is directed to respond to the motion on or before **December 2, 2024**. Pursuant to Local Rule 7.7 the movants may then file a reply brief on or before **December 16, 2024**. All briefs must conform to the requirements prescribed by Local Rule 7.8. No further extensions shall be granted, absent compelling circumstances.

> The plaintiff, who is proceeding *pro se*, is advised that Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions, and provides that:
>
>> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion*. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.
>
> Local Rule 7.6 (emphasis added).
>
> It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.'" Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL 3703808, *1 (M.D. Pa. Aug. 26, 2010) (quoting Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (1991)). Therefore, a failure to comply with this direction may result in the motions being deemed unopposed and granted.

(Doc. 33).

Despite this explicit warning, Robert C. Bolus, Sr., has not responded to this summary judgment motion and the deadline for responding has now passed. Therefore, given the plaintiff's continued inaction, this case will be deemed ripe for resolution.

3

For the reasons set forth below, the case will be dismissed.

## II. Discussion

### A. Under The Rules of This Court This Defense Motion Will Be Deemed Unopposed and Granted.

At the outset, under the Local Rules of this Court the plaintiff should be deemed to concur in this motion, since the plaintiff has failed to timely oppose the motion or otherwise litigate this case. This procedural default completely frustrates and impedes efforts to resolve this matter in a timely and fair fashion, and under the rules of this Court warrants dismissal of the action, since Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions and provides that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion*. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with

the [R]ule after a specific direction to comply from the court.'" Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL 3703808, at *1 (M.D. Pa. Aug. 26, 2010) (quoting Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)). In this case, the plaintiff has not complied with the local rules, or this Court's order, by filing a timely response to this motion. Therefore, these procedural defaults by the plaintiff compel the court to consider:

> [A] basic truth: we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice. *See* Fed.R.Civ.P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion . . . ."

Lease v. Fishel, 712 F. Supp. 2d 359, 371 (M.D. Pa. 2010) (quoting McCurdy v. American Bd. Of Plastic Surgery, 157 F.3d 191, 197 (3d Cir.1998)).

With this basic truth in mind, we acknowledge a fundamental guiding tenet of our legal system. A failure on our part to enforce compliance with the rules, and impose the sanctions mandated by the rules when such rules are repeatedly breached, "would actually violate the dual mandate which guides this Court and motivates our system of justice: 'that courts should strive to resolve cases on their merits whenever possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion.'" Id. Therefore, we are obliged to ensure that one

party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules.

These basic tenets of fairness apply here. In this case, the plaintiff has failed to comply with Local Rule 7.6 by filing a timely response to this summary judgment motion. This failure now compels us to apply the sanction called for under Rule 7.6 and deem the motion to be unopposed.

### B. Dismissal of this Case Is Warranted Under Rule 41.

In addition, Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted). That discretion, however, while broad is governed by certain factors, commonly referred to as Poulis factors. As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than

dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

Emerson, 296 F.3d at 190.

In exercising this discretion, "there is no 'magic formula' that we apply to determine whether a District Court has abused its discretion in dismissing for failure to prosecute." Lopez v. Cousins, 435 F. App'x 113, 116 (3d Cir. 2011) (quoting Briscoe v. Klaus, 538 F.3d 252 (3d Cir. 2008)). Therefore, "[i]n balancing the Poulis factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." Briscoe, 538 F.3d at 263 (quoting Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)). Consistent with this view, it is well settled that "'no single Poulis factor is dispositive,' [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.'" Id. (quoting Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Mindek, 964 F.2d at 1373). Moreover, recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the Court of Appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. See, e.g., Emerson, 296 F.3d 184; Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007); Reshard v. Lankenau Hospital, 256 F. App'x 506 (3d Cir. 2007); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007).

7

In this case, a dispassionate assessment of the Poulis factors weighs heavily in favor of dismissing this action. At the outset, a consideration of the first Poulis factor, the extent of the party's personal responsibility, shows that the failure to respond to the Court's prior order is entirely attributable to the plaintiff, who has failed to abide by court orders or address this outstanding summary judgment motion.

Similarly, the second Poulis factor— the prejudice to the adversary caused by the failure to abide by court orders—also calls for dismissal of this action. Indeed, this factor is entitled to great weight and careful consideration. As the Third Circuit has observed:

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir. 1994) (internal quotation marks and citation omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id. at 874 (internal quotation marks and citations omitted). . . . However, prejudice is not limited to "irremediable" or "irreparable" harm. Id.; see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 693-94 (3d Cir. 1988). It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware, 322 F.3d at 222.

Briscoe, 538 F.3d at 259-60.

In this case, the plaintiff's failure to litigate this claim, or to comply with court orders, now wholly frustrates and delays the resolution of this action. In such

instances, the defendant is plainly prejudiced by the plaintiff's continuing inaction and dismissal of the case clearly rests in the discretion of the trial judge. Tillio, 256 F. App'x 509 (failure to timely serve pleadings compels dismissal); Reshard, 256 F. App'x 506 (failure to comply with discovery compels dismissal); Azubuko, 243 F. App'x 728 (failure to file amended complaint prejudices defense and compels dismissal).

When one considers the third Poulis factor—the history of dilatoriness on the plaintiff's part—it becomes clear that dismissal of this action is now appropriate. In this regard, it is clear that "'[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders.'" Briscoe, 538 F.3d at 260-61 (quoting Adams, 29 F.3d at 874) (some citations omitted). Here, the plaintiff has failed to comply with court orders or address the core issues raised by the summary judgment motion, as he was ordered to do. Thus, the plaintiff's conduct begins to display "[e]xtensive or repeated delay or delinquency [and conduct which] constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874.

The fourth Poulis factor—whether the conduct of the party or the attorney was willful or in bad faith—also cuts against the plaintiff in this case. In this setting, we must assess whether this conduct reflects mere inadvertence or willful conduct, in that it involved "strategic," "intentional or self-serving behavior," and not mere negligence. Adams, 29 F.3d at 875. At this juncture, when the plaintiff has failed to comply with instructions of the Court or respond to this summary judgment motion, we are compelled to conclude that the plaintiff's actions are not isolated, accidental, or inadvertent but instead reflect an ongoing disregard for this case and the Court's instructions.

While Poulis also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing Poulis agree that in a situation such as this case, where we are confronted by a *pro se* litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative. See, e.g., Briscoe, 538 F.3d at 262-63; Emerson, 296 F.3d at 191. This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the Court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion. In any event, by entering our prior orders and counseling the plaintiff on his obligations in this case, we have endeavored to use lesser sanctions, but to no avail. The plaintiff still ignores his responsibilities as a litigant. Since lesser

sanctions have been tried, and have failed, only the sanction of dismissal remains available to the Court.

As we consider these Poulis factors, this case presents one other significant exacerbating circumstance. This is not Robert Bolus' first failure to prosecute a case which he has brought in federal court. Quite the contrary, as we have previously noted, Bolus has had other cases dismissed for failure to make service, failure to prosecute, or failure to file briefs. Simply put, given this past history, the plaintiff knows better but still persists in failing to fulfill his responsibilities in this case.

Finally, under Poulis, we are cautioned to consider one other factor, the meritoriousness of the plaintiff's claims. In our view, however, consideration of this factor cannot save this particular plaintiff's claims since the plaintiff is now wholly noncompliant with the Court's instructions. The plaintiff cannot refuse to comply with court orders which are necessary to allow resolution of the merits of his claims, and then assert the untested merits of these claims as grounds for declining to dismiss the case. Furthermore, it is well settled that "'no single Poulis factor is dispositive,' [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.'" Briscoe, 538 F.3d at 263 (quoting Ware, 322 F.3d at 222; Mindek, 964 F.2d at 1373). Therefore, the untested merits of the non-compliant plaintiff's claims, standing alone, cannot prevent dismissal of a case for failure to prosecute.

In any event, these claims, which Robert Bolus has chosen not to defend, appear to fail on their merits, yet another factor which weighs in favor of dismissal of this case. For example, the amended complaint contains a claim of breach of contract which Robert C. Bolus, Sr. lodges against the defendants. However, the well-pleaded allegations in this amended complaint fail to describe any intelligible contractual relationship between the plaintiff and these other family members. (Doc. 14, Count II). In particular, there seems to be absolutely no privity of contract between Robert C. Bolus, Sr. and his grandchild and daughter in law, who are named as defendants in this breach of contract claim. Therefore, as pleaded, this claim fails.

Moreover, the lynchpin of the plaintiff's tortious interference with contract claim is Robert Bolus' allegation that Brian Bolus falsely claimed a half interest in property the plaintiff was attempting to sell to a third party. However, as Robert Bolus concedes in his amended complaint, this issue has been litigated in state court and the state courts concluded that Brian Bolus was, in fact, the owner of a half interest in this property. Therefore, at bottom, Robert C. Bolus, Sr.'s, latest foray into federal court would necessarily invite us to set aside these state court findings in order to sustain at least some of his claims.

This we cannot do. Thus, to the extent that the plaintiff asks this Court to overturn a state court judgment finding that Brian Bolus possessed a half interest in

some property, the United States Supreme Court has spoken to this issue and has announced a rule, the Rooker-Feldman doctrine, which compels federal district courts to decline invitations to conduct what amounts to appellate review of state trial court decisions. As described by the Third Circuit:

> That doctrine takes its name from the two Supreme Court cases that gave rise to the doctrine. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The doctrine is derived from 28 U.S.C. § 1257 which states that "[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court....". See also Desi's Pizza, Inc. v. City of Wilkes Barre, 321 F.3d 411, 419 (3d Cir. 2003). "Since Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court has inferred that Congress did not intend to empower District Courts to review state court decisions." Desi's Pizza, 321 F.3d at 419.

Gary v. Braddock Cemetery, 517 F.3d 195, 200 (3d Cir. 2008). Because federal district courts are not empowered by law to sit as reviewing courts, reexamining state court decisions, "[t]he Rooker-Feldman doctrine deprives a federal district court of jurisdiction in some circumstances to review a state court adjudication." Turner v. Crawford Square Apartments III, LLP, 449 F.3d 542, 547 (3d Cir. 2006). Cases construing this jurisdictional limit on the power of federal courts have quite appropriately:

> [E]mphasized the narrow scope of the Rooker-Feldman doctrine, holding that it "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of

13

> injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." [Exxon Mobil Corp. v. Saudi Basic Industries Corp.], 544 U.S. at 284, 125 S.Ct. at 1521-22; see also Lance v. Dennis, 546 U.S. 459, ——, 126 S.Ct. 1198, 1201, 163 L.Ed.2d 1059 (2006)

Id.

However, even within these narrowly drawn confines, it has been consistently recognized that the Rooker-Feldman doctrine prevents federal judges from considering lawsuits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id.

In this case, Robert C. Bolus, Sr.'s tort claim against Brian Bolus rests upon a premise that has been rejected by the state courts; namely, the plaintiff's insistence that Brian Bolus falsely claimed to have an interest in the property the plaintiff was attempting to sell. Pursuit of this claim in federal court would require us to set aside the state court judgment that Brian Bolus owned a half interest in the property the plaintiff attempted to sell. This we cannot do. We cannot provide relief to Robert Bolus, a state-court loser who complains of injuries caused by state-court judgments rendered before these federal proceedings commenced. Therefore, we must decline this invitation to review and reject these state court judgments designating Brian Bolus as the owner of a half interest in this property.

14

Simply put, all of the <u>Poulis</u> factors now favor dismissal of this case. Accordingly, this complaint will be dismissed. An appropriate order follows.

<u>*S/Martin C. Carlson*</u>
MARTIN C. CARLSON
United States Magistrate Judge

DATED: December 6, 2024